Viktor CENI, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

No. 07–5662–ag.

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

---

Melissa Desvarieux, Christophe & Associates, P.C., New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Viktor Ceni, a native of Kosovo and a citizen of the former Yugoslavia, seeks review of a November 29, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Viktor Ceni,* No. A97 835 826 (B.I.A. Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■■■ As an initial matter, the Government properly argues that our review is limited to the BIA's denial of Ceni's second motion to reopen. *See Ke Zhen Zhao,* 265 F.3d at 89–90. Accordingly, we do not consider Ceni's challenge to the agency's underlying adverse credibility determination.[1] Moreover, we lack jurisdiction to review the BIA's decision not to reopen Ceni's case *sua sponte,* because such a decision is "entirely discretionary." *See*

---

1. In any event, this Court has previously considered the BIA's affirmance of the IJ's adverse credibility determination and found that it was supported by substantial evidence.

Thus, that adverse credibility determination remains the law of the case. *See United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002).

*Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

■ The Immigration and Nationality Act ("INA") provides that an individual may file only one motion to reopen, and must do so within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Ceni's motion was untimely and number-barred, as it was his second motion to reopen, and it was filed approximately one and a half years after the BIA issued its decision affirming the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2).

We conclude that the BIA did not abuse its discretion in denying Ceni's motion to reopen, because Ceni failed to meet an exception to the applicable filing requirements. While Ceni asserts that the BIA failed to consider evidence of changed country conditions in the record, he does not specify what evidence he is referring to or how the evidence he submitted shows a change in circumstances as required by the regulations. *See* 8 C.F.R. § 1003.2(c)(1). Indeed, as it found, the BIA had already considered the majority of the evidence that Ceni had submitted. Because the failure to offer material evidence of changed circumstances provides a proper basis for the BIA to deny a motion to reopen, *see INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988), we cannot conclude that the BIA abused its discretion when it denied Ceni's motion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.